**Motion Denied and Order filed February 28, 2013.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-12-01096-CV
_____

### DWAIN CAMPBELL, Appellant

### V.

### CARRIAGE PLACE APARTMENTS, Appellee

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1016454**

# O R D E R

This is an appeal from a judgment signed December 10, 2012, awarding damages for breach of a residential lease. Appellant, who is *pro se,* filed an affidavit of indigence on December 7, 2012. *See* Tex. R. App. P. 20.1(c). The Harris County Clerk filed a timely contest to appellant's affidavit. *See* Tex. R. App. P. 20.1(e). The trial court granted the County's request for an extension of time to conduct a hearing on the contest until December 18, 2012. *See* Tex. R. App. P. 20.1(i)(3). Appellant had the burden to prove his affidavit's allegations.

*See* Tex. R. App. P. 20.1(g)(1). Finding appellant did not meet his burden of proof, on December 18, 2012, the trial court signed an order sustaining the contest and requiring appellant to pay the costs of this appeal. *See* Tex. R. App. P. 20.1(i)(4). On December 19, 2012, a partial clerk's record related to the denial of appellant's claim of indigence was filed. *See* Tex. R. App. P. 20.1(j)(3).

On December 28, 2012, this court notified appellant that the appellate filing fee of $175.00 was past due. No response was filed. On January 29, 2013, the court issued an order requiring appellant to pay the filing fee on or before February 11, 2013. In response to a notice from the court reporter who reported the trial that appellant had not made payment arrangements for preparation of the record, on February 7, 2013, this court notified appellant that he was required to pay for preparation of the record and provide proof of payment by February 22, 2013.

On February 11, 2013, appellant filed a "Motion for Waiver of Filling Fee's [*sic*] and Request for Extension of Time." On February 13, 2013, appellee filed a response to appellant's motion and a motion to dismiss the appeal. Appellee complains that the record is past due and appellant has failed to request and pay for the reporter's record or pay the filing fee. The Harris County Clerk's office also confirmed that appellant had not paid for preparation of the record, and this court again notified appellant that the appeal was subject to dismissal. Appellee argues that the appeal should be dismissed because appellant has been provided several opportunities to cure these omissions and he has failed to do so.

Texas Rule of Appellate Procedure 20.1(j) provides that a party claiming indigence may seek review of the trial court's order sustaining a contest to his affidavit of indigence by filing a motion challenging the order with the appellate court within 10 days after the order sustaining the contest is signed or within 10 days after the notice of appeal is filed, whichever is later. *See* Tex. R. App. P.

20.1(j)(1), (2). Appellant's notice of appeal was filed December 7, 2012, and the order sustaining the contest was signed December 18, 2012. Accordingly, appellant was required to seek review of the trial court's ruling on or before December 28, 2012. Appellant did not file any motion or other request in this court until February 11, 2013, when he filed the motion to waive fees. In the motion, appellant states that he cannot afford to pay court fees and that he filed a timely pauper's affidavit. Even if we construed appellant's motion as a request to review the trial court's order sustaining the contest, the motion is untimely. *See Mata v. Wells Fargo Bank, NA,* No. 14-12-00517-CV, 2012 WL 3686220 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, no pet.) (mem. op.). Moreover, appellant presented no argument or authority for reversal of the trial court's ruling.

Accordingly, we **DENY** appellant's motion to waive fees. Appellee's motion to dismiss the appeal remains pending. We order appellant to pay the appellate filing fee on or before **March 15, 2013.** In addition, we order appellant to make payment arrangements for preparation of the complete clerk's record and the reporter's record from the trial and provide this court with proof of payment on or before **March 15, 2013.**

If appellant fails to comply with this order, the court will consider dismissal of the appeal. *See* Tex. R. App. P. 42.3(c).


PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.